IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL T. McGEE,

    Petitioner,

v.                                       Civil Action No. 5:16CV102
                                          (Criminal Action No. 5:13CR23
UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO SET ASIDE ORDER AND FINAL JUDGMENT,
GRANTING MOTION FOR LEAVE TO AMEND SUPPORTING
AUTHORITY AND MOTION TO AMEND SUPPORTING AUTHORITY,
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Background

The pro se[1] petitioner, Michael T. McGee, filed a motion (ECF No. 1) under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. In that motion, the petitioner claims that he was denied due process, asserts claims of ineffective assistance of counsel, and claims that the Career Offender's Guideline Residual Clause is unconstitutionally vague and that the Court violated the rule in Descamps v. United States 133 S. Ct. 2276 (2013). ECF No. 6 at 3, 4, 7.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014). The Court must read a pro se plaintiff's allegations in a liberal fashion. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Magistrate Judge Robert W. Trumble made a preliminary review of the motion and determined that summary dismissal was not warranted and entered an order directing the respondent to file an answer, motion or other responsive pleading. Respondent filed its response and petitioner filed his reply. Magistrate Judge Trumble then issued a report and recommendation (ECF No. 6) without holding an evidentiary hearing, and recommended "that the District Judge deny and dismiss Petitioner's motion with prejudice." ECF No. 6 at 1.

This Court then entered a memorandum opinion and order affirming and adopting the magistrate judge's report and recommendation. ECF No. 9. The Clerk then entered final judgment. ECF No. 10.

On October 23, 2017, petitioner filed a motion to set aside order and final judgment. ECF No. 14. In that motion, among other things, petitioner asserts that "he did not receive; nor receive by certified mail, return receipt a copy of the Magistrate Judge's Report and Recommendation (ECF No. 6), to file timely objections." ECF No. 14 at 2 (internal quotation marks omitted).

After conducting an investigation of whether or not petitioner received the magistrate judge's report and recommendation in order to file timely objections, this Court finds that it is more likely than not that petitioner did not receive that report and recommendation in order to file timely objections. Therefore, the

petitioner's motion to set aside order and final judgment (ECF No. 14) is GRANTED.

Petitioner also filed objections to the magistrate judge's report and recommendation. ECF No. 13. Assuming the petitioner never received the report and recommendation in order to file timely objections, this Court will consider the objections.

Lastly, petitioner filed a motion for leave to amend supporting authority. ECF No. 15. This motion is GRANTED. The Court will consider this motion as part of the petitioner's objections.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

III. Discussion

This Court, after review, adopts and affirms the report and recommendation (ECF No. 6) in its entirety.

First, petitioner asserts that he was transported without "counsel and hearing." ECF No. 13 at 2. Petitioner argues that "based on denial of counsel and a hearing in Ohio — the probable cause challenges and malicious prosecution involved in his case, passes over from the Fourth Amendment to the Due Process clause . . . Therefore, for the Magistrate Judge to find that Movant was properly transported to the Northern District of West Virginia on the day of his arrest for his counsel's ineffectiveness for failing to investigate and object to violations of Fed. R. Crim. P. 5(c)(1)(A)-(B)." Id. This Court finds that the magistrate judge correctly found that petitioner was not denied Due Process when he was arrested in Ohio and transported to West Virginia. Specifically, the magistrate judge correctly found that petitioner was properly transported from Steubenville Ohio, where he was arrested, to the Northern District of West Virginia on the day of his arrest for his initial appearance in front of Magistrate Judge James E. Seibert in accordance with Rule 5(c)(2(B)(ii) of the Federal Rules of Criminal Procedure. ECF. No. 6 at 3-4.

4

Second, as to petitioner's objections as to the magistrate judge's findings with respect to petitioner's claims of ineffective assistance of counsel, for ineffective assistance of counsel claims, the United States Supreme Court has set forth a two-pronged test for courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

This Court finds that under Strickland, the magistrate judge correctly found that petitioner's claims that trial counsel was per se ineffective, that counsel was ineffective due to a failure to investigate and suppress evidence, and that counsel was ineffective by failing to raise an issue on direct appeal, were without merit.

Moreover, petitioner's argument that Carpenter v. United States, 138 S. Ct. 2206, provides some basis for his ineffective assistance of counsel claim is without merit. First, petitioner's attorney did not fail to meet either prong under Strickland by not foreseeing the holdings in Carpenter. Second, Carpenter is not applicable to the circumstances presented here. Carpenter is a

narrow decision that seems to specifically address call-site records and the collection of such records over an extended period of time. Carpenter, 138 S. Ct. at 2220 ("Our decision today is a narrow one . . . We do not disturb the application of Smith[v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed. 2d 220 (1979)] and [United States v.]Miller[, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976)] or call into question conventional surveillance techniques and tools . . ."). In this case, the records that were collected and the special agent's testimony in the underlying criminal action consisted of the numbers petitioner called, the numbers that called petitioner's number, and the dates, times, and length of the calls. The United States Supreme Court in Carpenter explicitly stated that telephone call logs reveal little in the way of identifying information. Id. at 2219.

Third, petitioner asserts that his "sentence exceeds the statutory maximum absent the prior convictions to be a career offender." ECF No. 13 at 8. However, this Court finds that the magistrate judge correctly found that no analysis of the ruling in Descamps is required in this matter, and that petitioner is a career offender without consideration of his conviction for aggravated robbery given his two previous controlled substance felony convictions, which unambiguously qualify him as a career offender under United States Sentencing Guideline § 4B1.1. ECF No. 6 at 9.

6

Therefore, this Court upholds the determinations of the magistrate judge and therefore his recommendation.

IV. Conclusion

Accordingly, the report and recommendation of the magistrate judge (ECF No. 6/163) is AFFIRMED and ADOPTED in its entirety. The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (ECF No. 1/146) is DENIED. Also, the motion to set aside order and final judgment (ECF Nos. 14/169) is hereby GRANTED, the motion for leave to amend supporting authority and motion to amend supporting authority (ECF No. 15) is hereby GRANTED and the petitioner's objections (ECF No. 13/168) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 29, 2019

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE